JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ariana Jacoby | Lehigh Valley Health Network and Lehigh Valley Hospital |

**(b)** County of Residence of First Listed Plaintiff  Lehigh County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Lehigh County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Holly W. Smith, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability         Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander         Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'     Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    [ ] 368 Asbestos Personal [ ] 340 Marine          Injury Product [ ] 345 Marine Product        Liability | | [ ] 835 Patent - Abbreviated New Drug Application [ ] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability    **PERSONAL PROPERTY** [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | Product Liability  [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal       Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | Injury    [ ] 385 Property Damage [ ] 362 Personal Injury -      Product Liability Medical Malpractice | [ ] 740 Railway Labor Act [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | Exchange [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment   [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/      Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | Accommodations   [ ] 530 General | | | Agency Decision |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - [ ] 535 Death Penalty Employment    **Other:** | **IMMIGRATION** [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - [ ] 540 Mandamus & Other Other     [ ] 550 Civil Rights [ ] 448 Education   [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.; 43 P.S. §951, et seq.

Brief description of cause:
Plaintiff was subjected to sexual harassment and sex discrimination, and was retaliated against once she complained of the same.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
5/19/2026

SIGNATURE OF ATTORNEY OF RECORD
*Holly Smith*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ariana Jacoby | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Lehigh Valley Health Network, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.          (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)          (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)


| | | |
|---|---|---|
| 05/19/2026 | *Holly Smith* | Plaintiff, Ariana Jacoby |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 827-5101 | hollysmith@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Allentown, Pennsylvania _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?         Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARIANA JACOBY<br>Breinigsville, PA 18031<br><br>                Plaintiff,<br>   v.<br><br>LEHIGH VALLEY HEALTH NETWORK<br>1200 S. Cedar Crest Blvd.<br>Allentown, PA 18103<br><br>and<br><br>LEHIGH VALLEY HOSPITAL<br>1200 S. Cedar Crest Blvd.<br>Allentown, PA 18103<br><br>                Defendants. | CIVIL ACTION NO.:<br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## I.    INTRODUCTION

Plaintiff, Ariana Jacoby ("Plaintiff"), brings claims against her employers, Lehigh Valley Health Network and Lehigh Valley Hospital (collectively, "Defendants"). Defendants subjected Plaintiff to sexual harassment, sex discrimination, and retaliation after she complained of their harassing and discriminatory conduct. Defendants failed to remedy or prevent the discriminatory, hostile, and retaliatory work environment to which Plaintiff was subjected. Plaintiff now brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other available statutory relief that this Court deems appropriate.

1

## II.    PARTIES

1.    Plaintiff, Ariana Jacoby, is an individual and a citizen of the Commonwealth of Pennsylvania, residing therein.

2.    Plaintiff is female.

3.    Defendant Lehigh Valley Health Network is organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1200 S. Cedar Crest Blvd., Allentown, PA 18103

4.    Defendant Lehigh Valley Hospital is organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1200 S. Cedar Crest Blvd., Allentown, PA 18103

5.    At all times material hereto, Defendants issued Plaintiff's payroll and tax forms.

6.    At all times material hereto, Defendants acted as a single employer, joint employers, and/or alter egos.

7.    Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.    At all times material hereto, Plaintiff worked out of Defendants' offices located in Allentown, Pennsylvania.

9.    At all times material hereto, Defendants employed fifteen (15) or more employees.

10. At all times material hereto, Defendants acted by and through authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of their business.

11. At all times material hereto, Defendants, collectively and individually, were employers within the meaning of the statutes which form the basis of this matter.

2

12. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

### III.   JURISDICTION AND VENUE

13. The causes of action which form the basis of this matter arise under Title VII and the PHRA.

14. The District Court has jurisdiction over Count I (Title VII).

15. The District Court has supplemental jurisdiction over Count II (PHRA).

16. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) since a substantial part of the events or omissions giving rise to this Action occurred in Pennsylvania.

17. On or about December 20, 2024, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") that was dual-filed with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination and retaliation alleged herein.  Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the Complaint (EEOC Charge No. 17F-2025-60248) with personal identifying information redacted.

18. On or about February 19, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue for the above-referenced Complaint.  Attached hereto and marked as Exhibit "2" is true and correct copies of that Notice (with personal identifying information redacted).

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV. FACTUAL ALLEGATIONS

20. Plaintiff was hired by Defendants on or about October 5, 2019.

21. Plaintiff is a current employee of Defendants.

3

22. Plaintiff consistently performs her job duties in a highly competent manner.

23. Since February 2025, Plaintiff has held the position of Registered Nurse, Infection Preventionist.

24. Between approximately September 2021 and February 2025, Plaintiff held the position of Registered Nurse in Unit 7K.

25. As a Registered Nurse in Unit 7K, Plaintiff reported to Sharon Benko (female), Patient Care Manager.

26. Benko reported to Susan Gross (female), Unit Director.

27. Gross reported to Nikki Alderfer (female), Administrator.

28. Chris Lenner (male), Clinical Nurse, engaged in comments and conduct of a sexual and sexist nature toward Plaintiff.

29. At all times material hereto, Lenner held a supervisory role over Plaintiff and had authority over Plaintiff's work, including the authority to direct Plaintiff's daily work activities and to recommend or effect material employment actions.

30. Lenner referred to himself as "the weekend supervisor."

31. Lenner bragged about how other employees of Defendants would do whatever he wanted them to do because he had worked for Defendants for so long and was not held accountable by Defendants' upper management.

32. Lenner placed his hands on the sides of Plaintiff's upper thighs.

33. Lenner slowly stroked Plaintiff's upper thighs.

34. Lenner commented that he wanted to kiss Plaintiff.

35. Lenner commented that he wanted to have sex with Plaintiff.

36. Lenner asked Plaintiff if she liked to have sex while she was on her period.

4

37. Lenner whispered in Plaintiff's ear that he wanted Plaintiff to have his baby.

38. Lenner falsely told employees that he had had sex with Plaintiff and woke up in her bed.

39. Lenner stared at Plaintiff while moving his tongue between his middle and index finger, which Plaintiff understood to be a sexual reference.

40. Lenner grabbed Plaintiff's arm, pulled her onto his lap, and held her there by her waist.

41. Lenner grabbed Plaintiff's buttocks.

42. Lenner grabbed Plaintiff's breasts.

43. Lenner brushed his hands against Plaintiff's breasts.

44. Lenner brushed his body against Plaintiff.

45. Lenner grabbed Plaintiff's hand.

46. Lenner tried to hold Plaintiff's hand.

47. Lenner wrapped his arms around Plaintiff.

48. Lenner instructed Erin Birch (female), Registered Nurse, and Plaintiff to kiss each other.

49. Lenner instructed Birch and Plaintiff to sit on his lap.

50. Lenner commented to Michelle Hechme (female), Patient Care Partner, and Plaintiff that he could "take" them both at the same time, which Plaintiff understood to mean, to have sex with them at the same time.

51. Lenner commented that he did not "bother" with the "ugly girls."

52. Lenner commented on Plaintiff's appearance, including that Plaintiff was "too thin" and that Plaintiff "needed to eat."

5

53. Lenner commented that Plaintiff should work out with him so that Plaintiff could "gain muscle."

54. Lenner commented that Plaintiff's butt looked good in her pants.

55. Lenner commented that Plaintiff's butt was getting bigger.

56. Lenner commented that he was watching Plaintiff do yoga.

57. Lenner came up behind Plaintiff, pushed his face into her hair, and sniffed loudly.

58. Lenner came up to Plaintiff's face, so his lips almost touched her, and commented "let's kiss" and "let's make out."

59. After Lenner overheard Plaintiff talking about someone she was dating, he asked Plaintiff if she was trying to make him jealous.

60. Plaintiff rebuffed Lenner's advances.

61. Plaintiff instructed Lenner to stop.

62. Plaintiff was told that Lenner was inappropriate with other female employees, including Alexandrea Hallinger (female), Nurse.

63. Plaintiff was told by Abigail Dalling (female), Registered Nurse, Sierra Radcliff (female), Registered Nurse, and Courtney Reiss (female), Registered Nurse, that female employees resigned because of Lenner's comments and conduct.

64. Plaintiff was told that other female employees complained of Lenner's comments and conduct, and that Lenner's personnel file was large.

65. In December 2023, Plaintiff was admitted to the hospital and Lenner was Plaintiff's nurse.

66. While Lenner was Plaintiff's nurse, he had access to Plaintiffs' medical records, medical history, and health care chart, including that Plaintiff had been diagnosed with anorexia.

6

67. In April 2024, Lenner cornered Plaintiff in a supply room, placed his hands on Plaintiff's thighs and hips, slowly stroked Plaintiff's thighs and hips, and commented that he wanted Plaintiff to have his baby.

68. Plaintiff instructed Lenner to stop.

69. Lenner commented that his marriage did not mean anything.

70. In April 2024, following the above, Lenner pushed Plaintiff up against the Omnicell cabinet in the medication room, and pressed into Plaintiff from behind so hard that Plaintiff could feel his penis on her, and he asked Plaintiff if she was afraid that he was going to rape her.

71. In May 2024, after Lenner became aware that Plaintiff was interested in a PRN position, he told Plaintiff that he knew of a PRN position opening in Pain Management.

72. Lenner knew about the open position because, at the time, he was working at the Pain Management clinic.

73. Lenner commented that, if Plaintiff was promoted to the PRN position that he told her about, Plaintiff would have to have sex with him as an initiation and as repayment for helping her get the position.

74. On June 6, 2024, in a meeting with Gross and Heather Cardona (female), Director of Human Resources, Plaintiff complained of sex discrimination, including sexual harassment, in connection with Lenner.

75. Plaintiff detailed the above sexual comments and conduct by Lenner and stated that she was aware that Lenner had acted inappropriately with other female employees.

76. On June 6, 2024, in an email from Cardona, Plaintiff summarized certain of the sexual comments and conduct by Lenner toward her and about which she had complained.

7

77. On June 7, 2024, in an email to Cardona, Plaintiff provided additional examples of the sexual comments and conduct by Lenner toward her and about which she had complained.

78. On June 14, 2024, Gross told Plaintiff that Lenner no longer worked at Defendants.

79. On June 21, 2024, in a letter from Cardona, she stated that Defendants investigated Plaintiff complaints, and that her sexual harassment complaints had been substantiated.

80. Cardona stated that "any unprofessional, discriminatory and inappropriate behavior that does not support [Defendants'] values has been addressed with the appropriate individual."

81. On August 12, 2024, in a Fair Treatment Process Witness Meeting with Caronda and Alderfer, they told Plaintiff that Lenner had appealed the decision to terminate his employment, and they were conducting interviews in connection with his appeal.

82. Plaintiff again complained of the sexual comments and conduct to which she had been subjected by Lenner, and what she had witnessed and heard in connection with Lenner.

83. On October 2, 2024, in a Fair Treatment Process Witness Meeting in connection with Lenner's appeal with Brian Shaner (male), Human Resources, and three (3) or four (4) of Defendants' Administrators, Plaintiff again complained of the sexual comments and conduct to which she had been subjected by Lenner and what she had witnessed and heard in connection with Lenner, and answered their questions.

84. In October 2024, Plaintiff repeatedly requested and was denied additional hours and/or to be transferred to another position with more hours.

85. On November 4, 2024, Plaintiff found out that Lenner posted a photo of Plaintiff, which was taken when Plaintiff was in the hospital, on his online Facebook page, with the caption: "Anorexia awareness month is coming soon.  Please consider donating to place her feeding tube."

86. Lenner was aware that previously Plaintiff had been diagnosed with anorexia, and he learned that medical information about Plaintiff from her chart at Defendants.

87. On November 8, 2024, in a meeting with Gross, Plaintiff complained of retaliation by Lenner in his post of Plaintiff on Facebook, which disclosed Plaintiff's confidential medical information.

88. Gross stated that she would notify Human Resources of the same.

89. On November 8, 2024, following the above, in an email to Gross, Plaintiff provided her with a copy of Lenner's post of Plaintiff on Facebook, which disclosed Plaintiff's confidential medical information.

90. On November 8, 2024, following the above, Gross told Plaintiff that she had talked to Trisha Basile (female), Administrator of Colleague Relations, about Plaintiff's above complaint, and that Basile was going to follow up with legal.

91. Following the above, Gross told Plaintiff that Human Resources stated that nothing could be done about Lenner's post of Plaintiff on Facebook because Lenner was no longer an employee of Defendants.

92. On November 8, 2024, Plaintiff applied for the posted Registered Nurse, Imaging, position.

93. Plaintiff was qualified for the position.

94. The Registered Nurse, Imaging, position would have been a promotion for Plaintiff.

95. On November 8, 2024, Plaintiff applied for the posted Registered Nurse, Post Operative position.

96. Plaintiff was qualified for the position.

97. The Registered Nurse, Post Operative, position would have been a promotion for Plaintiff.

98. On November 8, 2024, Plaintiff applied for the posted Registered Nurse, Float position.

99. Plaintiff was qualified for the position.

100. The Registered Nurse, Float, position would have been a promotion for Plaintiff.

101. Defendants failed to promote Plaintiff for any position for which she was qualified because of her sex and/or her engaging in protected activity.

102. Defendants also failed to select Plaintiff for three (3) other positions to which she applied in or around November and December 2024 and for which she was qualified, including a Registered Nurse, Remote, position; a Registered Nurse position; and a Registered Nurse, Medical/Surgical position.

103. Plaintiff received no explanation as to why she was not selected for the three (3) other positions for which she was qualified and to which she had applied.

104. Defendants failed to select Plaintiff for any position for which she was qualified because of her sex and/or her engaging in protected activity.

105. Following Plaintiff's sex discrimination complaints, Plaintiff has been treated differently and worse, and in a more hostile and dismissive manner.

106. Plaintiff has been micromanaged.

107. Plaintiff's performance has been unjustly criticized.

108. Plaintiff has been communicated with in an aggressive and/or condescending manner.

109. Defendants are strictly liable for the sexually harassing conduct by Lenner, a supervisor of Plaintiff.

10

110. In the alternative, Defendants are vicariously liable for the hostile work environment created by Lenner.

111. Defendants knew or should have known of Lenner's sexually harassing conduct because Plaintiff reported it to Defendants and/or the harassment was otherwise brought to Defendants' attention.

112. Defendants are not entitled to avoid liability because Defendants failed to exercise reasonable care to prevent and promptly correct the sexually harassing, sex discriminatory, and/or retaliatory behavior to which Plaintiff was subjected.

113. Defendants subjected Plaintiff to a hostile work environment because of her sex and/or her sex discrimination complaints.

114. The discriminatory and retaliatory conduct of Defendants, as alleged herein, was severe or pervasive to such an extent as to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

115. Defendants failed to promote Plaintiff and/or select Plaintiff for a position for which Plaintiff was qualified and/or give Plaintiff more hours because of her sex and/or her sex discrimination complaints.

116. The sex-based hostile work environment to which Plaintiff was subjected at Defendants constitutes a continuing violation.

117. The retaliatory-based hostile work environment to which Plaintiff was subjected at Defendants constitutes a continuing violation.

11

118.    Plaintiff has had no disciplinary or performance issues throughout her employment with Defendants.

119.    Defendants' conduct and comments evidence a bias against female and/or complaining employees.

120.    Plaintiff is aware of other female employees who have complained of sex discrimination and retaliation at Defendants.

121.    Defendants' sex discrimination and retaliation against Plaintiff has caused her emotional distress.

122.    As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

123.    The conduct of Defendants, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendants.

124.    The conduct of Defendants, as set forth above, was willful and intentional.

## COUNT I – TITLE VII

125.    Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

126.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

12

127. Defendants acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendants' conduct was especially egregious, warranting the imposition of punitive damages.

128. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

129. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

130. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

131. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

132. Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

133. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

134. Said violations were intentional and willful.

135. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

136. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

137.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

138.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) declaring the acts and practices complained of herein to be a violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(d)    enjoining and restraining permanently the violations alleged herein;

(e)    awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory, retaliatory, and unlawful misconduct;

(f)    awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(g)    awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(h)    awarding punitive damages to Plaintiff;

(i)    awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA; and

14

(j)      granting such other and further relief as this Court deems appropriate.


                                            **CONSOLE MATTIACCI LAW, LLC**

Dated: May 19, 2026          BY:   *s/ Holly W. Smith*
                                            Holly W. Smith, Esquire
                                            **CONSOLE MATTIACCI LAW LLC**
                                            1525 Locust Street, 9th Floor
                                            Philadelphia, PA 19102
                                            Telephone: (215) 545-7676
                                            Facsimile: (215) 405-2900

                                            *Attorney for Plaintiff, Ariana Jacoby*


15